IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE NORTHERN,

                 Plaintiff,

v.

KOREEN FRISK,

                 Defendant.

OPINION & ORDER

13-cv-367-jdp[1]

---

Pro se plaintiff Lawrence Northern, a prisoner incarcerated at the New Lisbon Correctional Institution, is proceeding on a claim that defendant Koreen Frisk, a nurse clinician at the prison, failed to properly examine plaintiff or provide him with any treatment following a serious injury to his left Achilles tendon. Plaintiff eventually received surgery to repair the tendon, but only after Frisk allegedly ignored the problem. Trial is set for May 11, 2015. Currently before the court are two motions for the court's assistance in recruiting counsel for plaintiff, as well as a motion to compel discovery filed by plaintiff. After considering the parties' briefing, I will grant plaintiff's request for the court to locate counsel for him. In light of this decision, plaintiff's motion to compel discovery will be denied as moot.

Even before plaintiff's complaint was screened in this matter, the court denied as premature a motion for assistance in recruiting counsel for plaintiff. Dkt. 4 and 6. As the case progressed, plaintiff filed two new motions for counsel, Dkt. 15 and 33. Financial information provided by plaintiff makes it clear that he is unable to afford counsel. *See* 28

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 14.

U.S.C. § 1915(e). ("The court may request an attorney to represent any person unable to afford counsel."). Also, plaintiff attaches several rejection letters from area attorneys, which shows that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts.")

This leaves the question whether "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). As plaintiff points out, he will have to show at trial that defendant acted with deliberate indifference when plaintiff complained to her about his Achilles problem, a difficult task almost certainly requiring plaintiff to present expert medical testimony showing how the delay in treatment harmed him. This persuades me that this case will outstrip plaintiff's abilities and that it is appropriate to grant his motion. Accordingly, the court will attempt to locate counsel for plaintiff. Further proceedings in this case will be stayed until counsel is found, at which point the court will hold a telephonic status and scheduling conference with both sides.

Finally, I note that plaintiff's motion to compel discovery of various medical records is mooted—at least for now—by the decision to recruit counsel for plaintiff.[2]

---

[2] Even had plaintiff's motion for counsel not been granted, the parties' dispute appears to boil down to where and when certain medical records should have been made available to plaintiff. Defendant's response materials seem to show that prison staff has attempted to accommodate plaintiff's requests. In the usual case I would have the parties work out a plan for disclosure of these materials, but that is unnecessary given the decision to locate counsel for plaintiff.

ORDER

IT IS ORDERED that:

1. Plaintiff Lawrence Northern's renewed request for the court's assistance in recruiting him counsel, Dkt. 15 and 33, is GRANTED. The schedule in this case, including the May 11, 2015, trial date, is STRICKEN and proceedings are STAYED pending recruitment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to establish a new schedule for resolution of the case.

2. Plaintiff's motion to compel discovery, Dkt. 21, is DENIED as moot.

Entered this 6th day of January, 2015.

> BY THE COURT:
>
> /s/
>
> JAMES D. PETERSON
> District Judge