IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE NORTHERN,

                Plaintiff,

  v.

KOREEN FRISK,

                Defendant.

ORDER

13-cv-367-jdp

---

      Plaintiff Lawrence Northern injured his Achilles tendon playing basketball at the New Lisbon Correctional Institution. He brought claims that defendant Koreen Frisk (a nurse at NLCI) violated his Eighth Amendment rights by failing to properly examine his Achilles and provide him with pain medication after he complained of pain following the injury. In a March 16, 2017 order, I denied Frisk's motion for summary judgment on these claims. *See* Dkt. 91. I also granted Northern's motion to amend his complaint to include parallel medical malpractice claims against Frisk, and gave Frisk a chance to file a dispositive motion on these claims.

      Frisk responded by filing a motion to dismiss the malpractice claims, contending that under Wisconsin Statutes Chapter 655, Northern cannot bring a medical malpractice claim against a nurse. *See Patients Comp. Fund v. Lutheran Hosp.-La Crosse, Inc.*, 216 Wis. 2d 49, 573 N.W.2d 572, 575 (Ct. App. 1997) ("nurses employed by a hospital to participate in the care of a hospital's patients, with the exception of nurse anesthetists, are not defined as health care providers"). Northern does not dispute this point, instead contending that Frisk's actions responding (or failing to respond) to Northern's complaints did not constitute the provision of "health services," so Chapter 655 does not apply to his claims. *See* Wis. Stat. § 655.005(1) ("Any person listed in s. 655.007 having a claim or a derivative claim against a health care

provider or an employee of the health care provider, for damages for bodily injury or death due to acts or omissions of the employee of the health care provider acting within the scope of his or her employment *and providing health care services*, is subject to this chapter." (emphasis added)). Northern cites *Snyder v. Injured Patients & Families Comp. Fund*, 2009 WI App 86, 320 Wis. 2d 259, 768 N.W.2d 271, a case in which the Wisconsin Court of Appeals concluded that Chapter 655 did not apply to claims against hospital employees for negligently failing to search a suicidal patient for dangerous items. The patient sneaked in a handgun and ammunition while out on a five-hour pass and then shot herself. *Id.*, ¶ 2. The court concluded that the claim concerned staff's failure to exercise ordinary care in providing "routine" or "custodial" care rather than medical treatment, so it was a garden-variety negligence claim rather than a malpractice claim covered by Chapter 655. *Id.*, ¶ 19. The *Snyder* court referred to other Wisconsin decisions addressing the distinction between a negligence claim regarding custodial care and a malpractice claim concerning medical care. *See, e.g.*, *Kujawski v. Arbor View Health Care Ctr.*, 139 Wis. 2d 455, 407 N.W.2d 249, 252-54 (1987) (claim that failure to properly restrain patient in wheelchair was matter of "nonmedical, administrative, ministerial or routine care" that did not require expert testimony to prove).

I agree with Frisk that *Snyder* cannot reasonably be stretched to fit the allegations Northern presents here. Frisk was directly responding to Northern's complaints regarding his Achilles injury; it was not a matter of ancillary "custodial" care of a patient. Northern admits that he alleges that Frisk "failed to provide [him] with health care services of any kind," Dkt. 105, at 4, which underscores the thrust of his claims: Frisk could have performed diagnostic tests or provided comfort items and pain medication, but chose not to. Those were the actions of someone "providing health care services."

I take Northern to mean that Frisk's complete failure to provide care (or "exercise professional judgment" in a way that might show deliberate indifference to the medical problem) might open the door to a negligence claim outside of the purview of Chapter 655. But accepting Northern's argument would mean that the *failure* to provide medical care would fall outside of the malpractice statutes, even though the statutes expressly cover such failures, *see* Wis. Stat. § 655.005 (Chapter 655 covers claims "for damages for bodily injury or death due to acts *or omissions* of the employee of the health care provider . . . providing health care services."). Decisions to treat or not treat obviously fall within the common understanding of medical malpractice: if a patient asks a doctor to perform a certain procedure and the doctor refuses, the doctor is "providing health care services" even when she chooses not to undertake a particular treatment. Therefore, I will grant Frisk's motion to dismiss Northern's medical malpractice claims. The case will proceed to trial only on Northern's deliberate indifference claims.

ORDER

IT IS ORDERED that defendant Koreen Frisk's motion to dismiss plaintiff Lawrence Northern's medical malpractice claims, Dkt. 100, is GRANTED.

Entered June 14, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge