IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE NORTHERN,

Plaintiff,

v.                                                                          ORDER

KOREEN FRISK,                                                13-cv-367-jdp

Defendant.

---

LAWRENCE NORTHERN,

Plaintiff,

v.                                                                          ORDER

LYNN DOBBERT, TONI JOHNSON,                   16-cv-277-jdp
KOREEN FRISK, and ANGELA STETTER,

Defendants.

---

Plaintiff Lawrence Northern injured his Achilles tendon playing basketball at the New Lisbon Correctional Institution (NLCI). Both of the above-captioned cases concern the medical treatment Northern received following the injury. His deliberate indifference claim against defendant Nurse Koreen Frisk for failing to properly examine his Achilles and provide him with pain medication is set for trial in case no. 13-cv-367-jdp. Northern is also proceeding on deliberate indifference, retaliation, and Wisconsin-law medical malpractice claims against Frisk and other NLCI nurses in case no. 16-cv-277-jdp, mostly concerning later events regarding defendants' failure to provide him with prescribed wound dressing changes following his surgery.

Trial in the 2013 case is scheduled for November 27, 2017. The trial in the 2016 case is set for September 24, 2018. Defendants in both cases have filed a motion to consolidate the

cases to fit the 2016 case's schedule, stating that the cases share common questions of law and fact, parties, and counsel. Northern opposes consolidation, stating that the 2013 case is "ripe for resolution" and that the cases are not that similar: the 2013 case is about Frisk's actions soon after Northern's injury, and the bulk of the claims in the 2016 case concern events occurring after Northern had surgery, months after the injury.

Viewing the claims in both cases as they are presently constructed, I am inclined to side with Northern for reasons similar to those I articulated in ruling *against* him when he attempted to amend his complaint in the 2013 case to include medical malpractice claims against other defendants shortly before the then-scheduled trial date: it was simply too late to greatly expand the scope of the case. *See* Dkt. 91 in the 2013 case, at 2-3. The 2013 case is indeed ripe for resolution, and it would be unfair to Northern to stay the 2013 case ten more months just to join it with claims that are related but mostly have to do with a later, post-surgical set of defendants' treatment decisions.

But this issue gets more complex. In the 2016 case, Northern has filed a motion to amend his complaint to include a series of Eighth Amendment, equal protection, and state-law medical negligence claims about events that occurred both before and after his surgery.[1] He alleges the following:

---

[1] In my order screening Northern's original complaint in the 2016 case, I stated, "Although Northern provides additional facts about the medical treatment for his Achilles injury that might support other claims, I limit the discussion here to the claims below . . . . If Northern believes that I am misconstruing his complaint and there are other claims he is attempting to assert, he should seek reconsideration of this screening order and explain what other alleged misdeeds he means to bring claims about in this lawsuit." Dkt. 4 in the 2016 case, at 3. Northern filed a motion for reconsideration stating that he indeed wished to bring additional claims and that he sought the recruitment of counsel. Dkt. 5 in the 2016 case. But he followed with a proposed amended complaint and later obtained counsel. I will deny his motion for reconsideration as moot.

- Right after his injury, Nurse Adrienne Baumgart failed to adequately examine him, refer him to a doctor, immobilize his ankle, or give him pain medication, low-bunk restriction, or crutches.

- Dr. Kenneth Adler failed to immobilize his ankle and give him a low-bunk restriction.

- After his surgery, Carroll Walters threatened him with discipline if he didn't sign a form stating he was refusing further medical treatment.

- The Special Needs Committee, comprised of Lieutenant Martinson, Lynn Washetas and Candace Warner, rejected his requests for high-top boots to accommodate his recovery, even though other inmates with less serious problems were allowed to have them.

*See* Dkt. 12. I take the claims against Baumgart and Adler to be referring to pre-surgery deprivations, roughly contemporaneous with his original claim against defendant Frisk.

Not all of these claims survive screening under 28 U.S.C. § 1915A. As I stated in the 2013 case, Northern cannot maintain a medical malpractice claim under Wisconsin Statutes Chapter 655 against defendant Nurse Baumgart because that chapter does not allow claims against nurses. *See* Dkt. 107 in the 2013 case; *see also Patients Comp. Fund v. Lutheran Hosp.-La Crosse, Inc.*, 216 Wis. 2d 49, 573 N.W.2d 572, 575 (Ct. App. 1997) ("nurses employed by a hospital to participate in the care of a hospital's patients, with the exception of nurse anesthetists, are not defined as health care providers").[2] But he may proceed on the rest of his claims.

The problem with allowing Northern to add those claims is that the 2016 case would then include more pre-surgery claims that are intertwined with the claim against Frisk in the 2013 case. This significantly undercuts my rationale above for allowing the 2013 case to go to

---

[2] Defendants have filed a motion to dismiss the already-existing medical malpractice claims against defendant Nurses Dobbert, Johnson, Frisk, and Stetter in the 2016 case on the same rationale. Dkt. 14. I will grant that motion for the reasons stated above.

trial immediately. If Northern wants to litigate a host of pre-surgery treatment decisions, including his original claim against Frisk, they should be litigated at the same time.

So I will give Northern a choice: he can amend his 2016 complaint to include his new claims against Baumgart and Adler, in which case I will consolidate the 2013 and 2016 cases together on the 2016 case's schedule. Or he can withdraw those claims, and I will allow the 2013 case to go to trial now and the 2016 case will be litigated separately.

Regardless of the choice Northern makes about the pre-surgery claims, I will allow him to amend his 2016 complaint to include his new post-surgery claims. I will issue a formal order on the motion to amend once Northern responds to this order. Defendants have filed a motion for summary judgment based on Northern's alleged failure to exhaust his administrative remedies. Once defendants are clear on what claims will be included in the 2016 case, they may file a supplement to their exhaustion motion to include the new claims if they so desire.

## ORDER

IT IS ORDERED that:

1. Plaintiff Lawrence Northern's motion for reconsideration of the court's order screening his claims in case no. 16-cv-277-jdp, Dkt. 5 in the 2016 case, is DENIED as moot.

2. Defendants' motion to dismiss plaintiff's medical malpractice claims, Dkt. 14 in the 2016 case, is GRANTED.

3. Plaintiff may have until October 19, 2017, to respond to this order indicating whether he wishes to withdraw his proposed amended claims in the 2016 case regarding his pre-surgery treatment.

4. Defendants may have until November 15, 2017, to supplement their summary judgment motion based on exhaustion in the 2016 case. Plaintiff may have until December 6, 2017, to file a response. Defendants may have until December 13, 2017, to file a reply.

Entered October 12, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge