IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE NORTHERN,

                Plaintiff,

v.

KOREEN FRISK,

                Defendant.

ORDER

13-cv-367-jdp

---

Plaintiff Lawrence Northern injured his Achilles tendon playing basketball at the New Lisbon Correctional Institution. The court held a trial on Northern's claims that defendant Koreen Frisk, a nurse at NLCI, violated his Eighth Amendment rights by failing to properly examine his Achilles and provide him with pain medication after he complained of pain following the injury. The jury decided for Northern and awarded him $73,000 in compensatory damages.

Northern's counsel have filed a motion for attorney's fees under 42 U.S.C. § 1988(b), Dkt. 184, and have documented their efforts in litigating this case, *see* Dkt. 184-1 and 184-2. Those efforts were substantial: the total amount billed is close to $2 million for more than 3,300 hours of work. The total sum claimed by counsel is not available under § 1988 because of statutes limiting the recoverable hourly rate to 150 percent of the rate for court-appointed counsel under 18 U.S.C. § 3006A and limiting the total recovery to 150 percent of the monetary judgment. 42 U.S.C. § 1997e(d)(2)-(3). Counsel seek an award of $109,500, which is 150 percent of the $73,000 judgment. Defendant does not oppose this amount, and I conclude that it is reasonable given counsel's excellent representation in obtaining a positive outcome for Northern.

Section 1997e(d)(2) requires that "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." The Court of Appeals for the Seventh Circuit and the Supreme Court have concluded that the fee amount must first be drawn from the judgment, up to 25 percent of the amount awarded to the plaintiff. *Murphy v. Smith*, 844 F.3d 653, 660 (7th Cir. 2016), *aff'd*, 138 S. Ct. 784 (2018). That means that 25 percent of the judgment—$18,250—must go to pay a portion the attorney fees I have assessed.

ORDER

IT IS ORDERED that:

1. Plaintiff Lawrence Northern's motion for attorney fees, Dkt. 184, is GRANTED.

2. The clerk of court is directed to enter an amended judgment reflecting an award of attorney fees to plaintiff's counsel in the amount of $109,500.

3. Plaintiff is required to pay from the judgment $18,250 toward satisfying the attorney fees assessed by the court.

Entered April 30, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge